# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# BEAUFORT DIVISION

| | |
|---|---|
| BEAUFORT RENTALS LLC, EVERETT BALLENGER, MATHEW FLEWELLING, and BOCVE LLC, <br><br> Plaintiffs, <br><br> vs. <br><br> WESTCHESTER FIRE INSURANCE COMPANY and PATRICIA MILLER, <br><br> Defendants. | Civil No. 9:18-cv-02658-DCN <br><br> **ORDER** |

The following matter is before the court on defendant Westchester Fire Insurance Company's ("Westchester") motion to dismiss, ECF No. 4. For the reasons set forth below, the court grants the motion.

## I. BACKGROUND

This case arises out of an insurance coverage dispute. Westchester issued an insurance policy ("the Policy") to plaintiff Beaufort Rentals LLC ("Beaufort Rentals"). Plaintiff Everett Ballenger ("Ballenger") is the broker in charge of Beaufort Rentals, and plaintiff Mathew Flewelling ("Flewelling") is the manager of Beaufort Rentals. Defendant Patricia Miller ("Miller") worked for Beaufort Rentals in 2016. Beaufort Rentals, Ballenger, Flewelling, and plaintiff BOCVE LLC ("BOCVE") (collectively, "plaintiffs") are seeking coverage from Westchester pursuant to the Policy in an underlying lawsuit by Tansi Village Property Owners Association ("Tansi").

Tansi entered into a contract with Beaufort Rentals to conduct various business for Tansi, including procuring and maintaining insurance for Tansi's boat dock, pool, and

1

clubhouse.  In October 2016, Hurricane Matthew caused damage to the pool and clubhouse and almost completely destroyed the boat dock.  Tansi alleges that after the damage occurred, Miller, as an agent of Beaufort Rentals, informed Tansi that there was no insurance on the boat dock, despite alleged repeated assurance that there was insurance on the dock.  In addition, Tansi discovered that the insurance on the pool and clubhouse had lapsed, the insurance could have been reinstated while Hurricane Matthew was approaching, and plaintiffs and Miller allegedly never submitted payment to reinstate the insurance.  As a result, on October 25, 2017, Tansi sued plaintiffs, Miller, and another party uninvolved in the instant case seeking damages in the Court of Common Pleas for the Fourteenth Judicial Circuit in Beaufort County, South Carolina ("the underlying suit").  Tansi asserted causes of action for breach of contract, breach of contract accompanied by a fraudulent act, negligence, breach of fiduciary duty, negligent misrepresentation, aiding and abetting a breach of fiduciary duty, and fraud/constructive fraud.  All of the causes of action relate to plaintiffs' and Miller's alleged failure to procure insurance on the boat dock and to make insurance premium payments on the pool and clubhouse.

Plaintiffs allege that Westchester has a duty to defend them in the underlying suit.  However, when Beaufort Rentals notified Westchester of the underlying suit, Westchester refused to defend plaintiffs.  As a result, plaintiffs now seek a declaratory judgment in the instant case declaring that Westchester has a duty to defend plaintiffs.  Plaintiffs originally filed their suit on August 22, 2018 in the Court of Common Pleas for the Fourteenth Judicial Circuit in Beaufort County, South Carolina.  Westchester removed the case to federal court based on diversity jurisdiction on September 28, 2018.

In its notice of removal, Westchester asserts that plaintiffs improperly named Miller as a defendant to destroy diversity jurisdiction, to which plaintiffs never responded. Then on October 5, 2018, Westchester filed a motion to dismiss. ECF No. 4. Plaintiffs responded, ECF No. 5, and Westchester replied, ECF No. 7. The motion is ripe for review.

## II. STANDARD

A Rule 12(b)(6) motion for failure to state a claim upon which relief can be granted "challenges the legal sufficiency of a complaint." Francis v. Giacomelli, 588 F.3d 186, 192 (4th Cir. 2009) (citations omitted); see also Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) ("A motion to dismiss under Rule 12(b)(6) . . . does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."). To be legally sufficient, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A Rule 12(b)(6) motion should not be granted unless it appears certain that the plaintiff can prove no set of facts that would support his claim and would entitle him to relief. Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). When considering a Rule 12(b)(6) motion, the court should accept all well-pleaded allegations as true and should view the complaint in a light most favorable to the plaintiff. Ostrzenski v. Seigel, 177 F.3d 245, 251 (4th Cir.1999); Mylan Labs., Inc., 7 F.3d at 1134. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content

3

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

### III.  DISCUSSION

**A. Miller as a Defendant**

In its notice of removal, Westchester contends that Miller is a nominal party, that plaintiffs fraudulently joined Miller as a defendant to destroy diversity jurisdiction, and that the court should realign Miller as a plaintiff. As support for its argument, Westchester indicates that plaintiffs asserted no cause of action against Miller and seek no relief from her in their complaint. Moreover, Westchester points out that Miller, like plaintiffs, is a defendant in the underlying suit, and in her answer in the underlying suit, she "advocate[s] a finding of coverage," aligning her with plaintiffs' position. ECF No. 1 at 7. Plaintiffs did not respond to Westchester's argument.

Westchester removed this case based on diversity jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. Federal district courts have jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of a State and citizens or subjects of a foreign state." 28 U.S.C. § 1332(a)(2). Here, plaintiffs are all South Carolina citizens, and Westchester is a Pennsylvania citizen. However, Miller is a citizen of South Carolina, so if her status as a defendant is proper, she would destroy diversity, and the court would not have jurisdiction.

Westchester asks the court to realign Miller as a plaintiff. When determining if diversity jurisdiction exists, it is the duty of the court to "look beyond the pleadings, and arrange the parties according to their sides in the dispute." City of Indianapolis v. Chase

Nat. Bank of City of New York, 314 U.S. 63, 69 (1941).  When it is appropriate, a court may realign parties after removal to create diversity jurisdiction.  Lott v. Scottsdale Ins. Co., 811 F. Supp. 2d 1220, 1223 & n.4 (E.D. Va. 2011) (collecting cases).

The Fourth Circuit applies the two-step principal purpose test to determine whether parties are properly aligned in a lawsuit.  The first step requires the court to "determine the primary issue in the controversy."  U.S. Fid. & Guar. Co. v. A & S Mfg. Co., 48 F.3d 131, 133 (4th Cir. 1995).  "Next, the court should align the parties according to their positions with respect to the primary issue."  Id.  In a declaratory judgment action involving an insurance company's duty to defend, the parties' interests are aligned based on whether they believe the insurance company has a duty to defend.  See Lott, 811 F. Supp. 2d at 1224 (realigning the defendant as a plaintiff in an insurance duty-to-defend declaratory judgment action when the defendant had an interest in establishing that the defendant insurance company had a duty to defend it); cf. Bi-Lo, LLC v. Nat'l Union Fire Ins. Co. of Pittsburgh, 2014 WL 12605522, at *7 (D.S.C. Apr. 30, 2014) (realigning the defendant as a plaintiff in an insurance duty-to-defend declaratory judgment action when the defendant could be an assignee of the right to indemnification from the defendant insurance company).

Here, the primary issue is whether Westchester has a duty to defend plaintiffs in the underlying suit.  The plaintiffs and Miller are defendants in the underlying suit, and as such, Miller has an interest in establishing Westchester's duty to defend.  Miller has had no involvement in the instant suit in federal court thus far, but as Westchester indicates, in her answer to the state court complaint, she states that she "joins with the Plaintiffs in requesting this Honorable Court to declare the rights of the parties under the Insurance

5

Contract and the Defendant Westchester Fire Insurance Company has a duty to defend the Plaintiffs and Defendant Miller." ECF No. 1-1 at 10.  Moreover, there are no claims against Miller in the complaint, and plaintiffs seek no relief from Miller.  In fact, plaintiffs seek relief <u>on behalf of</u> Miller, asking the court to declare "that Westchester has a duty to defend Ballenger, Flewelling, <u>Miller</u>, BOCVE and Beaufort Rentals." Id. at 5 (emphasis added).  There is simply nothing to indicate why Miller would be named as a defendant in this action.  Thus, it is clear that Miller is not properly aligned as a defendant and must be realigned as a plaintiff.  Because Miller is realigned as a plaintiff, the court need not address whether she is a nominal party or was fraudulently joined. With Miller realigned as a plaintiff, there is complete diversity between the parties, and the court has jurisdiction.

**B. Motion to Dismiss**

Westchester argues that this case should be dismissed because the plain language of the Policy shows that the Policy excludes coverage for the underlying suit.  The Policy excludes coverage "for Damages or Claims Expenses on account of any Claim" "alleging, based upon, arising out of, or attributable to the failure to effect or maintain any insurance or bond" ("the Exclusion").  ECF No. 4-3 at 6, 15.  Plaintiffs respond that Westchester has a duty to defend plaintiffs against risk of loss in their performance of professional services, which includes, they argue, the underlying suit.  Plaintiffs appear to contend that the Exclusion does not apply to the underlying suit because the Exclusion only relates to property management, and there is no mention of property management in the underlying suit or the complaint in the instant suit.

6

"Pursuant to South Carolina law, an insurer's duty to defend is determined by the allegations of the underlying complaint." Union Ins. Co. v. Soleil Grp., Inc., 465 F. Supp. 2d 567, 572 (D.S.C. 2006). "If the underlying complaint creates a possibility of coverage under an insurance policy, the insurer is obligated to defend." Id. at 573 (quoting Isle of Palms Pest Control Co. v. Monticello Ins. Co., 459 S.E.2d 318, 319 (S.C. Ct. App. 1994)). Here, the allegations in the underlying suit all relate to plaintiffs' alleged failure to procure insurance for Tansi's boat dock and alleged failure to reinstate lapsed insurance for Tansi's pool and clubhouse.

In order to determine if Westchester has a duty to defend these allegations in the underlying suit, the court must examine the language of the Policy and the Exclusion to determine if they apply to the allegations. "An insurance policy is a contract between the insured and the insurance company, and the terms of the policy are to be construed according to contract law." Auto Owners Ins. Co. v. Rollison, 663 S.E.2d 484, 487 (S.C. 2008). "The cardinal rule of contract interpretation is to ascertain and give legal effect to the parties' intentions as determined by the contract language." Beaufort Cty. Sch. Dist. v. United Nat'l Ins. Co., 709 S.E.2d 85, 90 (S.C. Ct. App. 2011) (citing Schulmeyer v. State Farm Fire & Cas. Co., 579 S.E.2d 132, 134 (S.C. 2003)). "If the contract's language is clear and unambiguous, the language alone, understood in its plain, ordinary, and popular sense, determines the contract's force and effect." Id. (citing Schulmeyer, 579 S.E.2d at 134). "However, an insurance contract which is 'in any respect ambiguous or capable of two meanings must be construed in favor of the insured.'" Id. (quoting Reynolds v. Wabash Life Ins. Co., 161 S.E.2d 168, 169 (S.C. 1968)). Moreover, "[t]he

rules of contract construction require exclusionary clauses to be narrowly interpreted." Id. at 96 (citing Buddin v. Nationwide Mut. Ins. Co., 157 S.E.2d 633, 635 (S.C. 1967)).

Here, the Policy contains exclusions for claims for which Westchester is not liable for damages or claim expenses. ECF No. 4-3 at 6. An endorsement titled "Property Manager and Real Estate Endorsement (Lockbox, Civil Rights)" contains additional exclusions, including the Exclusion. The Exclusion states that "[t]he Company shall not be liable for Damages or Claims Expenses on account of any Claim" "alleging, based upon, arising out of, or attributable to the failure to effect or maintain any insurance or bond." ECF No. 4-3 at 6, 15. As such, it is clear that, according to the terms of the Policy, Westchester does not have a duty to defend claims that seek damages for plaintiffs' failure to effect or maintain insurance. The claims in the underlying suit are exactly these types of claims.

Plaintiffs contend that Westchester has a duty to defend them "against risk of loss in [their] performance of professional services." ECF No. 5 at 2. They argue that the issue in this case is whether plaintiffs' business management of Tansi is included in the definition of "professional services." However, the flaw in plaintiffs' argument is that even if the Policy's definition of "professional services" includes the business management of Tansi, meaning the Policy covers plaintiffs' relationship with Tansi, the Exclusion still applies to the underlying suit.

Moreover, plaintiffs' apparent argument that the Exclusion does not apply because it is found in the "Property Manager and Real Estate" endorsement is without merit. Plaintiffs seem to argue the Exclusion only applies to property management because it is in the "Property Manager and Real Estate" endorsement. They contend that

there is no mention of property management in either the underlying suit or plaintiff's complaint, and by mentioning the Exclusion, "Westchester seeks to redefine the Tansi action as one involving 'property management.'" ECF No. 5 at 3. However, there is nothing in the endorsement to suggest that the exclusions it contains only apply to property management. The endorsement states that "Section III, Exclusions, is amended as follows" and then lists the Exclusion as to be added to Section III. ECF No. 4-3 at 15. Moreover, a reading of the endorsement indicates that the property manager portion of the endorsement's title refers to the portion of the endorsement containing an amendment to Item 7 of the Declarations, not to the portion containing the amendments of the exclusions in Section III. Finally, the Policy explicitly states that "[t]he titles and headings to the various . . . endorsements of the Policy are included solely for ease of reference and do not in any way limit, expand or otherwise affect the provisions of such . . . endorsements." ECF No. 4-3 at 10. Therefore, it is clear that the Exclusion applies to the entire Policy, not just to property management.

Because the Policy does not create a duty to defend claims seeking damages for plaintiffs' failure to procure or maintain insurance, and the underlying suit seeks damages for plaintiffs' alleged failure to procure and maintain Tansi's insurance, Westchester does not have a duty to defend plaintiffs in the underlying suit.

## IV. CONCLUSION

For the reasons set forth above, the court **GRANTS** the motion to dismiss.

**AND IT IS SO ORDERED.**

                          **DAVID C. NORTON**
                          **UNITED STATES DISTRICT JUDGE**

**November 29, 2018**
**Charleston, South Carolina**